UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------------------------x

In re:

      **JOSEPH F. PELLEGRINO, JR.,**　　　　　Case No. 16-36763-cgm

                                                       Chapter 13

                                                   **HON. CECELIA G. MORRIS**

      Debtor.
---------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:    THE HONORABLE CECELIA G. MORRIS
         CHIEF UNITED STATES BANKRUPTCY JUDGE

      Secured Creditor, OCWEN LOAN SERVICING, LLC AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RS1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1)(2) and 11 U.S.C. §1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.     Debtor, Joseph F. Pellegrino, Jr., filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 13, 2016. Debtor is not an infant, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

2.     On September 15, 2006, Debtor, Joseph F. Pellegrino, Jr., (a/k/a Joseph F. Pellegrino)

Executed and delivered a Promissory Note ("Note"). Debtor and Co-Debtor, Judith M. Pellegrino executed and delivered a Mortgage ("Mortgage") securing payment of the Note in the amount of $330,000.00 to Opteum Financial Services, LLC. The mortgage was held by Mortgage Electronic Registration Systems, Inc. as nominee for Opteum Financial Services, LLC. The Mortgage was recorded on October 12, 2006 in Book 12278 at Page 780 of the Public Records of Orange County, New York. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

4. Co-Debtor, Judith M. Pellegrino, is liable on and/or has secured the aforementioned debt

with the Debtor.

4. The mortgage provides Secured Creditor a lien on the real property located at 10 Penny Lane Newburgh, New York 12550 in Ulster County, New York and legally described as stated in the mortgage attached in Composite Exhibit "B."

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default since November 1, 2016. A true and accurate copy of Secured Creditor's affidavit in support and statement in regard to indebtedness and default are attached hereto as Exhibit "C." As per the Secured Creditor's statement the total amount due is $661,068.75.

6. The stated value of the property is $336,500.00. See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor's Chapter 13 Plan (Docket No. 9), the Debtor is curing the arrears through the plan and paying the monthly mortgage payments directly to Secured Creditor.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor and Co-Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. As stated above, there exists a non-filing Co-Debtor, named Judith M. Pellegrino , liable On and has secured the aforementioned debt with the Debtor on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully request relief from the co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the Co-

Debtor. In support of said request, it is respectfully submitted that the Co-Debtor received consideration for the claim held by the Secured Creditor as least in the form of money loaned by the Secured Creditor. There is a default in the post-petition payments in the amount $35,223.25. Furthermore, it is respectfully submitted that the continuation of the stay as it pertains to the Co-Debtor would irreparably harm Secured Creditor in the absence of post-petition payments.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.

12. Once the stay is terminated, the Debtor and Co-Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

13. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

14. No previous application has been made for the relief request herein.

15. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

16. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2) and 11 U.S.C. §1301, to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: February 14, 2018
      Westbury, NY

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
-and-
900 Merchants Concourse
Westbury, NY 11590
Phone: (516) 280-7675
Fax:    (516) 280-7674

By: /s/ *Kevin R. Toole*_____
    Kevin R. Toole, Esq.
    Email: KTOOLE@RASCRANE.COM